## F. H. KAYSING *v.* UNITED STATES (No. 5087)*

United States Court of Customs and Patent Appeals, April 11, 1962

*Allerton deC. Tompkins*, for appellant.

*William H. Orrick, Jr.*, Assistant Attorney General, *Richard E. FitzGibbon*, Chief, Customs Section (*Richard H. Welsh*, trial attorney, of counsel) for the United States.

[Oral argument February 8, 1962, by Mr. Tompkins and Mr. Welsh]

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge, delivered the opinion of the court:

▇ This is an appeal from the judgment of the United States Customs Court, First Division, Abstract 65708, which overruled the importer's protest and sustained the collector's classification of certain imported merchandise which was invoiced as Level Vial Units. The merchandise was classified by similitude in use, under the provisions of paragraph 1559 of the Tariff Act of 1930, as amended, to blown

---

*(C.A.D. 798)

[1] United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28, United States Code.

glass articles, with a duty of 30% ad valorem under paragraph 218(f) as modified, T.D. 53865 and T.D. 53877.

Appellant makes alternative claims for classification as follows:

(1) By similitude of use to filled glass vials holding less than one-fourth of one pint with duty at 50¢ per gross under paragraph 217.

By similitude of use to manufactures of glass, not specially provided for, with duty at 22½% *ad valorem* under paragraph 230(d), as modified, T.D. 54108, or

(3) As non-enumerated manufactured articles, not specially provided for, with a duty of 10% *ad valorem* under paragraph 1558, as modified, T.D. 52827.

The pertinent statutory provisions are as follows:

Paragraph 218(f), Tariff Act of 1930, as modified by the Japanese Accession to the General Agreement on Tariffs and Trade, T.D. 53865, and the President's notification, T.D. 53877:

> All articles (not including table and kitchen articles and utensils) of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, * * * whether filled or unfilled, or whether their contents be dutiable or free:
>
> * * * * * * *
>
> Other, valued not over $1.66⅔ each * * *_____ 30% ad val.

Paragraph 1559(a), as amended by Public Law 768, 83d Congress, Section 201; 68 Stat. 1137, T.D. 53599:

> Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any non-enumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect to the materials of which it is composed.

Paragraph 217, Tariff Act of 1930:

> Bottles, vials, jars, ampoules, and covered or uncovered demijohns, and carboys, any of the foregoing, wholly or in chief value of glass, filled or unfilled, not specially provided for, and whether their contents be dutiable or free * * *, shall be subject to duty as follows: * * *; if holding less than one-fourth of one pint, 50 cents per gross: *Provided*, That the terms "bottles," "vials," "jars," "ampoules," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

Paragraph 230(d), as modified by the President's Proclamation relating to the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108:

> All glass, and manufactures of glass, or of which glass is the component of chief value, not specially provided for * * * _____ 22½% *ad val.*

Paragraph 1558, Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739, and T.D. 52827:

Articles manufactured, in whole or in part, not specially provided for * * * 10% ad val.

The merchandise consists of plastic vial units each comprising a disk of clear plastic approximately 1⅜ inch in diameter and ⅝ inch thick with a barrel-shaped cavity extending across the diameter between the flat disk surfaces. A metal marking ring has been inserted in each of two innner grooves in the cavity. Each end of the cavity has been sealed by a plastic plug and a clear colorless liquid is present in the cavity in an amount sufficient to leave a single air bubble therein. Appellant's sole witness testified that two of the units are inserted in a frame, which could be either wood or metal, to form a level such as is used by masonry workers or carpenters to indicate a level or plumb position.

The witness also testified concerning another type of level, corresponding to Illustrative Exhibit 5, which level utilizes, as level indicating means, bent glass tubes or level vials carrying sufficient liquid to leave a bubble therein. He testified that four such tubes or vials, each corresponding to Illustrative Exhibit 6, are required in a level to index a position.

It is well settled that in a controversy of this nature it is presumed that the collector's classification is correct and that he "found all the necessary facts to exist which brought the goods within that classification." *United States* v. *Lilly & Co. et al.*, 14 Ct. Cust. Appls. 332, T.D. 41970.

Appellant is endeavoring to rebut that presumption by showing that the import is classifiable by similitude under paragraph 217 because it is similar to a domestic article which is allegedly encompassed by that paragraph or, if not by that paragraph, then by similitude under paragraph 230(d). He further endeavers to rebut the presumption by showing that the domestic article which is used for the same purpose is so dissimilar is so many respects to the imported article that classification by similitude is not appropriate in this instance at all and, therefore, it should be classified under paragraph 1558.

Insofar as paragraph 217 is concerned, we do not believe that this paragraph is applicable in this situation. This paragraph is restricted to vials "suitable for use and of the character ordinarily employed for the holding or transportation of merchandise * * *." It is obvious that the vial involved here is not suitable nor intended for such use, nor so used. Suffice it to say that the vial filled with liquid is the "*merchandise*" itself.

As to paragraph 230(d), it could be applicable only if 218(f) is not. The collector classified the imported articles under 218(f) and

this classification is not only presumed to be correct but, as stated, the presumption includes the presence of all facts necessary to support that classification. Here the significant question is whether the domestic article is "blown" because paragraph 230(d) does not include that characteristic, whereas 218(f) does. We do not believe that appellant has successfully rebutted the presumption that it is "blown." A laboratory report from the U.S. Customs Laboratory is the only significant evidence introduced concerning the manufacture of the domestic vial. That report states:

Information
required—Whether blown or extruded without any blowing process applied in any manner?

---

REPORT

The sample is in the form of a curved section of glass tubing having both ends closed, and with a section of metallic wire sealed in one end.

It is impracticable for this office to determine by examination the manner in which the sample was formed.

References indicate that glass tubing is drawn, with the aid of a jet of air supplied by mechanical means.

Although it is stated that "References indicate that glass tubing is drawn, * * *" we believe that the statement, "It is impracticable for this office to determine by examination the manner in which the sample was formed," renders this report ineffective insofar as rebutting the presumption that the domestic article is "blown." Therefore, we do not believe that appellant has successfully established that the merchandise should be classified under 230(d) rather than 218(f).

In order to maintain his position with reference to the application of paragraph 1558 to the situation, appellant was compelled to reverse himself in order to endeavor to establish the fact that the domestic vial was so dissimilar to the imported article that the principle of similitude does not apply here at all. Although we appreciate the dilemma in which appellant finds himself, we believe he established the similitude of use between the domestic vial and the imported article so well that we cannot now entertain with any degree of persuasion that the suggested dissimilarities are so significant that the applicability of the principle of similitude is negated. Appellant's witness, the president of the consignee company, testified as follows:

Q. According to your experience and knowledge, was merchandise like Exhibit 5, [Level with domestic glass tubes] containing glass vials, in its various differences in composition, such as wood or metal, and its lengths, such as 9 inches or longer—was that the most popular level in the masonry trades and other trades requiring levels prior to the invention of the level with plastic vials such as Exhibit 1 [imported article]? A. Yes.

Q. Do you know of any levels on the United States market that contain glass tubes different from those represented by Illustrative Exhibit 6 [domestic glass tube] ? A. Are you talking about levels similar to these?

Q. Now exclusive of the levels containing plastic vials, do you know of any levels used in the United States that do not contain tubular vials like Exhibit 6? A. No.

Q. *In other words, the levels used in the United States either contain plastic vials or vials like illustrative Exhibit 6?* A. *Yes.* [Emphasis ours.]

It can be seen that insofar as this record is concerned, it is well established that the domestic glass vials (Exhibit 6) are used by the manufacturer of levels except when the imported articles are used. It is well settled that use is the controlling factor in considering the applicability of paragraph 1559 and according to appellant's own witness there is no doubt about the similarity of use of these two items. Appellant's various features of dissimilarity between the two articles are not convincing because none of these dissimilarities pertain to the ultimate use of these articles in a level. It could be said that the use is identical. It is true that the imported article is advanced to a degree which makes its installation in the frame of the level much simpler than that of the domestic vial and the imported article is made of plastic, while the domestic one is of glass, but these characteristics do not prevent the application of paragraph 1559 to these articles. Recently, in a case [2] involving this section as applied to polystyrene paperweights and domestic glass paperweights, we said:

A review of the legislative intent embodied within paragraph 1559, as amended, should be helpful in considering this case. The paragraph requires the classification of nonenumerated articles by similitude under certain conditions. Obviously, this method of classification presupposes differences between the article in question and those enumerated in the particular paragraph to be invoked. This paragraph does have one principal requirement, i.e., the use of the article in question must most resemble the use to which the enumerated articles may be applied. Furthermore, if the nonenumerated article equally resembles two or more enumerated articles in that particular, then it shall be dutied by similitude to that enumerated article which it most resembles in respect to the materials of which it is composed. It is interesting at this point to note especially that the word "resemble" is employed in the paragraph rather than any word requiring that the use or material of the involved articles be identical. It also should be observed that in the consideration of the similitude clause an article is considered enumerated if it "* * * comes within a class made dutiable in general terms by the act, quite as certainly as if the article is made dutiable under an eo nomine designation." *United States* v. *Cochran*, 3 Ct. Cust. Appls. 57, T.D. 32349; *United States* v. *Wecolite Co.*, 45 CCPA 54, C.A.D. 672.

For the above reasons we *affirm* the judgment of the Customs Court.

[2] *S. S. Kresge Co., et al.* v. *United States*, 46 CCPA 100, C.A.D. 707.